# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin

CLERK'S OFFICE
A TRUE COPY
Jul 10, 2024
s/ D. Olszewski
Deputy Clerk, U.S. District Court
Eastern District of Wisconsin

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )
)  Case No.  24  MJ  150
information about the location of the cellular telephone )
assigned call number 414-416-8334, T-Mobile USA, )
more specifically described in Attachment A. )

**APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS**

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A

located in the _____ District of _____, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§ 846 & 841(a)(1) | Conspiracy to distribute controlled substances |

The application is based on these facts:
See attached affidavit

☑ Continued on the attached sheet.
☑ Delayed notice of 120 days *(give exact ending date if more than 30 days:* 11/07/2024 *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Jacob Dettmering, FBI Special Agent
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
telephone *(specify reliable electronic means)*.

Date: 07/10/2024

_____
*Judge's signature*

City and state: Milwaukee, WI    William E. Duffin, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF
# AN APPLICATION FOR A SEARCH WARRANT

I, Jacob Dettmering, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application for search warrants under Federal Rule of Criminal Procedure 41 and 18 U.S.C. §§ 2703(c)(1)(A) for information about the location of the cellular telephone assigned call number 414-416-8334 (Target Cell Phone),[1] whose service provider is T-Mobile, a wireless telephone service provider headquartered at 12920 South East 38th Street, Bellevue, Washington, 98006. The Target Cell Phone are described herein and in Attachment A, and the location information to be seized is described herein and in Attachment B.

2. I am a Special Agent with the Federal Bureau of Investigation ("FBI") and have been since January 7, 2018. I was assigned to the FBI Capital Area Gang Task Force (CAGTF) in Baton Rouge, Louisiana from June 15, 2018 to April 1, 2020. Since April 1, 2020, I have been assigned as the Task Force Coordinator for the Milwaukee Area Safe Streets Task Force (MASSTF). Since 2018, I have investigated violations of federal law, directed drug and street gang investigations, obtained and executed search and arrest warrants related jto the distribution of illegal narcotics, and debriefed confidential informants and cooperating defendants. I am an investigative or law enforcement officer

---

1 On July 8, 2024, the Honorable William E. Duffin, U.S. Magistrate Judge for the Eastern District of Wisconsin signed a search warrant for the historical and prospective location information for Target Cell Phone #1, however, that search warrant incorrectly stated that the service provider was AT&T, not T-Mobile. Your affiant attempted to serve the search warrant and was informed by the service provider that the cell phone number was ported to T-Mobile and was no longer with AT&T.

1

of the United States within the meaning of Title 18, United States Code, Section 2510(7), in that I am empowered by law to conduct investigations of and to make arrests for federal offenses.

3. I have experience in the investigation, apprehension, and prosecution of individuals involved in federal criminal offenses, the use of cellular devices to commit those offenses, and the available technology that can be used by law enforcement to assist in identifying the users of cellular devices and their location.

4. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and therefore does not set forth all of my knowledge about this matter.

5. Based on the facts set forth in this affidavit, there is probable cause to believe that Malik Y NICHOLS (09/29/1996) is using the Target Cell Phone. I know from training and experience that cell phone users normally have their cell telephones with them, so locating a user's cell phone will show that user's location. I believe that locating the Target Cell Phone will constitute and lead to evidence of federal offenses, namely 21 U.S.C. §§ 846 & 841(a)(1), that have been committed by NICHOLS and others, and are being committed by NICHOLS and others.

6. The court has jurisdiction to issue the proposed warrant because it is a "court of competent jurisdiction" as defined in 18 U.S.C. § 2711. Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated, *see* 18 U.S.C. § 2711(3)(A)(i).

2

Case 2:24-mj-00150-WED     Filed 07/10/24     Page 3 of 20     Document 1

# PROBABLE CAUSE

7.  On July 1, 2024, your affiant obtained a court order signed by the Honorable Pamela Pepper, Chief U.S. District Judge for the Eastern District of Wisconsin, authorizing the interception of wire communications to and from the cellular telephone assigned number 262-993-0926, which is used by Malik NICHOLS, and subscribed to Nicole Nichols.

8.  Previously, during the course of this investigation, on March 26, 2024, the Honorable Nancy Joseph, U.S. Magistrate Judge for the Eastern District of Wisconsin, authorized the use of a cell-site simulator warrant to identify additional devices used by NICHOLS. On April 3, 2024, case agents used the cell-site simulator at three separate locations where NICHOLS was present and identified two additional cellular devices believed to be used by NICHOLS (including, as set forth below, the Target Cell Phone), in addition to the 262-993-0926 number. Case agents then served subpoenas to multiple service providers to identify the phone numbers used by the cellular devices identified by the canvassing cell-site simulator as being used by NICHOLS. Verizon Wireless identified one of the cellular devices suspected to have been used by NICHOLS as phone number 602-989-5138, with a listed subscriber of Malik NICHOLS with an associated business of Royal Glorious Greens, LLC, located at the US Post Office, 5521 W. Center Street, Milwaukee, WI. Additionally, the subpoenaed Verizon records revealed that the "home phone" listed for NICHOLS/Royal Glorious Greens, LLC, was 414-416-8334 (Target Cell Phone). Finally, an open-source search of Royal Glorious Greens, LLC showed a registered agent of Malik Y. NICHOLS.

9. AT&T identified the second cellular device suspected of being used by NICHOLS as 414-416-8334 ("Target Cell Phone"). Additionally, as set forth above, NICHOLS identified the Target Cell Phone as his home phone number on his Verizon records for the 602-989-5138 number.

10. On April 26, 2024, your affiant obtained federal search warrants for location information pertaining to the cell phone assigned number 602-989-5138 (24-MJ-106) and the cell phone assigned number 414-416-8334 (Target Cell Phone) (24-MJ-107) signed by the Honorable William Duffin, U.S. Magistrate Judge for the Eastern District of Wisconsin.

11. While case agents were obtaining location information for the Target Cell Phone, the 602-989-5138 number, and NICHOLS' 262-993-0926 phone number, case agents determined that NICHOLS was typically possessing all three cell phones at the same time. However, based upon training, experience, and the investigation to date, including the varying ranges of cell-site location data obtained from various service providers, case agents are aware that NICHOLS may not possess all three cell phones all the time and may inadvertently or purposefully leave one or more cell phone at his residence, when for example, he travels to obtain narcotics from his source of supply.

12. Additionally, since monitoring the wire communications to and from NICHOLS' 262-993-0926 number, case agents have heard several conversations in which NICHOLS was speaking on the 262-993-0926 number but there was also a telephone ringing in the background and then NICHOLS could be heard via intercepted wire

4

communications answering a different phone and talking to unknown individuals on speaker phone about drug transactions, among other things.

13. Specifically, the user of the cell phone number 608-239-8215, identified only as "Squirrel," called NICHOLS' 262-993-0926 number and pertinent conversations between NICHOLS and "Squirrel" regarding narcotics trafficking were intercepted. There have also been several occasions when the cell phone number 608-238-8215 has attempted to call NICHOLS on the 262-993-0926 number, but NICHOLS did not answer. Case agents reviewing the wiretap and pen register/trap and trace data determined that after NICHOLS not asking the 262-993-0926 number, the cell phone number 608-238-8215, known to be used by "Squirrel," immediately called the 414-416-8334 number (Target Cell Phone).

14. Furthermore, while reviewing toll data and pen register/trap and trace data for all three numbers including the 262-993-0926 number, and the Target Cell Phone, there are several numbers that are consistently being contacted by all three of NICHOLS' known phone numbers. Specifically, the 262-993-0926 number, and the Target Cell Phone both contact NICHOLS' mother, Nichole NICHOLS.

15. Case agents believe that monitoring the location information for the Target Cell Phone in conjunction with the court-authorized interception of NICHOLS' 262-993-0926 number, will enable case agents to conduct targeted physical surveillance and identify NICHOLS' co-conspirators, including sources of supply, and their locations, currently known and unknown to law enforcement officers, as well as the location of where the fruits of their illegal activities are being stored and/or distributed.

16. In my training and experience, I have learned that T-Mobile is a company that provides cellular communications service to the general public. I also know that providers of cellular communications service have technical capabilities that allow them to collect and generate information about the locations of the cellular devices to which they provide service, including cell-site data, also known as "tower/face information" or "cell tower/sector records." Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular device and, in some cases, the "sector" (i.e., faces of the towers) to which the device connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data provides an approximate general location of the cellular device.

## Cell-Site Data

17. Based on my training and experience, I know that T-Mobile can collect cell-site data on a prospective basis about the Target Cell Phone. Based on my training and experience, I know that for each communication a cellular device makes, its wireless service provider can typically determine: (1) the date and time of the communication; (2) the telephone numbers involved, if any; (3) the cell tower to which the customer connected at the beginning of the communication; (4) the cell tower to which the customer was connected at the end of the communication; and (5) the duration of the communication. I also know that wireless providers such as T-Mobile typically collect and retain cell-site data pertaining to cellular devices to which they provide service in

their normal course of business in order to use this information for various business-related purposes.

### E-911 Phase II / GPS Location Data

18. I know that some providers of cellular telephone service have technical capabilities that allow them to collect and generate E-911 Phase II data, also known as GPS data or latitude-longitude data. E-911 Phase II data provides relatively precise location information about the cellular telephone itself, either via GPS tracking technology built into the phone or by triangulating on the device's signal using data from several of the provider's cell towers. As discussed above, cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data is typically less precise that E-911 Phase II data. Based on my training and experience, I know that T-Mobile can collect E-911 Phase II data about the location of the Target Cell Phone, including by initiating a signal to determine the location of the Target Cell Phone on the Service Provider's network or with such other reference points as may be reasonably available.

### AUTHORIZATION REQUEST

19. Based on the foregoing, I request that the Court issue the proposed warrants, pursuant to 18 U.S.C. § 2703(c) and Federal Rule of Criminal Procedure 41.

7

20. I further request that the Court direct T-Mobile to disclose to the government any information described in Section I of Attachment B that is within its possession, custody, or control.

21. I also request that the Court direct T-Mobile to furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the information described in Attachment B unobtrusively and with a minimum of interference with the Service Provider's services, including by initiating a signal to determine the location of the Target Cell Phone on T-Mobile's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall reasonably compensate T-Mobile for reasonable expenses incurred in furnishing such facilities or assistance.

22. I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 120 days after the collection authorized by the warrant has been completed. There is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the Target Cell Phone would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1). As further specified in Attachment B, which is incorporated into the warrant, the proposed search warrant does not authorize the seizure of any tangible property. *See* 18 U.S.C. § 3103a(b)(2). Moreover, to the extent

8

that the warrant authorizes the seizure of any wire or electronic communication (as defined in 18 U.S.C. § 2510) or any stored wire or electronic information, there is reasonable necessity for the seizure for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

23. Because the warrants will be served on the Service Provider, T-Mobile, who will then compile the requested records at a time convenient to it, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night. I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the Target Cell Phone outside of daytime hours.

# ATTACHMENT A

## Property to Be Searched

1. Records and information associated with the cellular device assigned call number 414-416-8334 (Target Cell Phone), that is in the custody or control of T-Mobile (referred to herein and in Attachment B as the "Provider"), a wireless telephone service provider headquartered at 12920 South East 38th Street, Bellevue, Washington, 98006.

2. The Target Cell Phone.

# ATTACHMENT B

## Particular Things to be Seized

**I. Information to be Disclosed by the Provider**

To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, including any information that has been deleted but is still available to the Provider or that has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), the Provider is required to disclose to the government the following information pertaining to the Account listed in Attachment A:

a. The following subscriber and historical information about the customers or subscribers associated with the Target Cell Phone for the time period **June 9, 2024 to the date of this warrant**:

   i. Names (including subscriber names, user names, and screen names);

   ii. Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

   iii. Local and long distance telephone connection records;

   iv. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

   v. Length of service (including start date) and types of service utilized;

   vi. Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"); Mobile Identification Number ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"); International Mobile Subscriber

11

       Identity Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");

   vii. Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address);

  viii. Means and source of payment for such service (including any credit card or bank account number) and billing records; and

    ix. All records and other information (not including the contents of communications) relating to wire and electronic communications sent or received by the Target Cell Phone, including:

       (i) the date and time of the communication, the method of the communication, and the source and destination of the communication (such as the source and destination telephone numbers (call detail records), email addresses, and IP addresses);

       (ii) information regarding the cell tower and antenna face (also known as "sectors" through which the communications were sent and received); and

       (iii) timing advance data (PCMD, RTT, True Call, Timing Advance, LOCDBOR, or equivalent).

b. Information about the location of Target Cell Phone for a period of 30 days during all times of day and night. "Information about the location of the Subject Phone" includes all available E-911 Phase II data, GPS data, latitude-longitude data, per call measurement data (PCMD), Timing Advance, True Call, RTT, LOCDBOR, or similar and real time cell site information for 30 days and other precise location information.

     i. To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of the Provider, the Provider is required to disclose the Location Information to the government. In addition, the Provider must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with the Provider's services, including by initiating a signal to determine the location of the Target Cell Phone on the Provider's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate the Provider for

12

    reasonable expenses incurred in furnishing such facilities or assistance.

    ii. This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. *See* 18 U.S.C. § 3103a(b)(2).

## II. Information to be Seized by the Government

All information described above in Section I that constitute evidence of violations of Title 21, United States Code, Sections 841(a)(1) and 846.

☐ Original

CLERK'S OFFICE
A TRUE COPY
Jul 10, 2024
s/ D. Olszewski
Deputy Clerk, U.S. District Court
Eastern District of Wisconsin

# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin

| In the Matter of the Search of | ) |
|---|---|
| *(Briefly describe the property to be searched or identify the person by name and address)* | ) |
| information about the location of the cellular telephone assigned call number 414-416-8334, T-Mobile USA, more specifically described in Attachment A. | ) Case No. 24 MJ 150 |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the _____ District of _____
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B

**YOU ARE COMMANDED** to execute this warrant on or before   07/24/2024   *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.     ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to   William E. Duffin, U.S. Magistrate Judge   .
*(United States Magistrate Judge)*

☑ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*  ☑ until, the facts justifying, the later specific date of   11/07/2024   .

Date and time issued:   07/10/2024 at 11:30 a.m.   

*William E. Duffin* (signature)
*Judge's signature*

City and state:   Milwaukee, WI     William E. Duffin
*Printed name and title*

| **Return** |||
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : |||
| Inventory of the property taken and name(s) of any person(s) seized: |||

**Certification**

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

## ATTACHMENT A

### Property to Be Searched

1. Records and information associated with the cellular device assigned call number 414-416-8334 (Target Cell Phone), that is in the custody or control of T-Mobile (referred to herein and in Attachment B as the "Provider"), a wireless telephone service provider headquartered at 12920 South East 38th Street, Bellevue, Washington, 98006.

2. The Target Cell Phone.

## ATTACHMENT B

## Particular Things to be Seized

**I.     Information to be Disclosed by the Provider**

To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, including any information that has been deleted but is still available to the Provider or that has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), the Provider is required to disclose to the government the following information pertaining to the Account listed in Attachment A:

    a. The following subscriber and historical information about the customers or subscribers associated with the Target Cell Phone for the time period **June 9, 2024 to the date of this warrant**:

        i. Names (including subscriber names, user names, and screen names);

        ii. Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

        iii. Local and long distance telephone connection records;

        iv. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

        v. Length of service (including start date) and types of service utilized;

        vi. Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"); Mobile Identification Number ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"); International Mobile Subscriber

      Identity Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");

  vii. Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address);

 viii. Means and source of payment for such service (including any credit card or bank account number) and billing records; and

   ix. All records and other information (not including the contents of communications) relating to wire and electronic communications sent or received by the Target Cell Phone, including:

      (i) the date and time of the communication, the method of the communication, and the source and destination of the communication (such as the source and destination telephone numbers (call detail records), email addresses, and IP addresses);

      (ii) information regarding the cell tower and antenna face (also known as "sectors" through which the communications were sent and received); and

      (iii) timing advance data (PCMD, RTT, True Call, Timing Advance, LOCDBOR, or equivalent).

b. Information about the location of Target Cell Phone for a period of 30 days during all times of day and night. "Information about the location of the Subject Phone" includes all available E-911 Phase II data, GPS data, latitude-longitude data, per call measurement data (PCMD), Timing Advance, True Call, RTT, LOCDBOR, or similar and real time cell site information for 30 days and other precise location information.

   i. To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of the Provider, the Provider is required to disclose the Location Information to the government. In addition, the Provider must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with the Provider's services, including by initiating a signal to determine the location of the Target Cell Phone on the Provider's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate the Provider for

12

     reasonable expenses incurred in furnishing such facilities or assistance.

    ii. This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. *See* 18 U.S.C. § 3103a(b)(2).

## II. Information to be Seized by the Government

All information described above in Section I that constitute evidence of violations of Title 21, United States Code, Sections 841(a)(1) and 846.